**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PATRICIA KENNEDY,

    Plaintiff,

v.

    Case No: 6:17-cv-732-orl-40GJK

ROBERT BAUGHER, BIGLEAP, INC.
and NEW ROSS, INC.,

    Defendants.

## ORDER

This cause comes before the Court on the following:

1. Defendants' Motion to Dismiss (Doc. 12), filed June 6, 2017;

2. Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Doc. 14), filed June, 2017.

Upon consideration, the Court will grant Defendants' Motion to Dismiss.

### I.  BACKGROUND[1]

Plaintiff, Patricia Kennedy ("Kennedy"), is an individual with disabilities as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181–12189. (Doc. 1, ¶ 1). Defendant, Robert Baugher ("Baugher"), "owns, leases, leases to, or operates" the Plaza at Cocoa Beach. (*Id.* ¶ 2). Defendants, Bigleap, Inc. and New Ross, Inc. (collectively,

---

[1] This account of the facts is taken from Plaintiff's Complaint (Doc. 1), the allegations of which the Court must accept as true to the extent Defendants challenge the Complaint for failing to state a claim upon which relief can be granted. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

"Defendants"), operate businesses within the Plaza at Cocoa Beach: Ice Cream Junction and Nolan's Irish Pub, respectively. (*Id.* ¶¶ 3–4). The Plaza at Cocoa Beach, Ice Cream Junction, and Nolan's Irish Pub (collectively, the "Properties") are places of public accommodation as defined by the ADA. (*Id.* ¶¶ 2–4). The ADA obligates Baugher and Defendants to "design and construct [the Properties] such that they are readily accessible to and usable by individuals with disabilities." (*Id.* ¶ 7).

Kennedy visited the Properties on an unspecified date and "encountered barriers at [the Properties] which discriminate against her on the basis of her disability." (*Id.* ¶ 10). She alleges violations of the ADA that include: "(1) Failure to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled[;] (2) Failure to maintain its features to ensure that they are readily accessible and usable by the disabled[;] (3) A lack of compliant, accessible route connecting the disabled parking spaces with all the goods, services and facilities of the property, with obstructions, narrow or blocked passageways, lack of sufficient maneuvering space, lack of required clear floor spaces[;] (4) An insufficient number of compliant parking spaces and access aisles, with missing signage, lack of compliant signage[;] (5) Non-compliant restrooms, with non-compliant doorways, improper door hardware, inaccessible sinks, improper sink hardware, improperly located amenities, inaccessible commodes, lack of compliant grab bars, missing grab bars, unwrapped pipes, poorly wrapped pipes, pipe wrapping falling off, insufficient maneuvering space, lack of required clear floor spaces, obstructions, insufficient door clearance[;] (6) A lack of compliant accessible seating and tables[; and] (7) Inaccessible transaction counters." (*Id.* ¶ 9). Kennedy further alleges that these violations are not an exclusive list of

Defendants' ADA violations. (*Id.* ¶ 18). Therefore, Kennedy "requires the inspection of [the Properties] in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access." (*Id.*). Finally, Kennedy claims that she plans to return to the Properties on an unspecified date. (*Id.* ¶ 10).

Kennedy initiated this action on April 24, 2017. The Complaint alleges that Defendants discriminated against Kennedy by violating ADA requirements for public accommodations. Kennedy requests a Declaratory Judgment against Defendants, injunctive relief, and an award of attorney's fees, costs, and litigation expenses. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Defendants also move to dismiss for want of standing. Because the Court's finding regarding Kennedy's failure to state a claim is dispositive, the Court will limit its discussion to that issue.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to survive a motion to dismiss made under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A claim is plausible on its face when the plaintiff alleges enough facts for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere legal conclusions or recitation of the elements of a claim are not entitled to an assumption of truth. *Twombly*, 550 U.S. at 555. After eliminating such conclusions,

district courts must assume the veracity of any remaining well-pleaded factual allegations. *Id.* Courts must also view the complaint in the light most favorable to the plaintiff and resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

### III.   DISCUSSION

#### A.   Kennedy's claims arising from barriers encountered at the Properties

The Complaint fails to allege enough factual allegations to support a plausible claim for relief. Kennedy alleges that she "encountered barriers at [the Properties] which discriminate against her on the basis of her disability." (Doc. 1, ¶ 10). Kennedy does not allege what these barriers were or how they impeded her ability to use and enjoy the Properties. Absent any specific details, this allegation is merely a legal conclusion. Likewise, the seven ADA violations alleged in Paragraph Nine of the Complaint are also devoid of specific details. (*Id.* ¶ 9). After eliminating these legal conclusions, the only genuine factual allegation remaining in the Complaint is that Kennedy visited the Properties on some date prior to April 14, 2017. (*Id.* ¶ 10). This is not enough to satisfy Kennedy's pleading burden under Rule 12(b)(6), so her Complaint will be dismissed. However, it is well-settled that a court should not dismiss a complaint pursuant to Rule 12(b)(6) without first granting leave to amend. *See Thomas v. Farmville Mfg. Co.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (per curium). The Court will thus grant Kennedy leave to amend her Complaint to include sufficient factual matter to nudge her discrimination claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Upon review of Kennedy's memorandum of law in opposition to Defendants' Motion to Dismiss, it is unsurprising that Plaintiff's Complaint is deficient. Plaintiff asserts

that "a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Doc. 14) (citing *Local 15, IBEW v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007)). This contention ignores controlling adverse authority. "The 'no set of facts' language . . . is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563. Indeed, such language describes "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* Thus, Plaintiff's assertion that she was not required to plead specific factual details directly contradicts current binding Supreme Court precedent.

**B.     Kennedy's claims arising from unknown barriers at the Properties**

Kennedy also speculates that she may experience additional ADA violations upon further inspection of the Properties. However, a plaintiff is not "entitled to conduct a wholesale audit and inspection of [a defendant's] property for ADA compliance." *Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-cv-2342, 2012 WL 2917915, at *5 (M.D. Fla. July 17, 2012). Instead, any inspection "shall be limited to the specific barriers to access [p]laintiffs alleged in their complaint." *Id.*; *see also Macort v. Goodwill Indus.-Manasota, Inc.*, 220 F.R.D. 377, 379 (M.D. Fla. 2003) (holding that inspection of barriers to access "shall be limited to the specific barriers to access [p]laintiffs alleged in their complaint"). Kennedy has not yet identified any such barriers, so an inspection of the Properties is unwarranted at this time. Furthermore, Kennedy's attempt to raise a discrimination claim based on discrimination that she has not, in fact, experienced is illogical. Several courts in this Circuit have found that barriers alleged in an ADA complaint

must be "limited to those barriers that [the plaintiff] experienced or was aware of at the time of filing of the complaint." *Id.*; *see also, e.g., Kennedy v. Gulf Gate Plaza, LLC*, No. 2:16-cv-806, 2017 WL 2362528, at *4 (M.D. Fla. May 31, 2017) (finding, in a similar suit also brought by Kennedy, that she could not base her ADA claim on barriers that she did not encounter). Should Kennedy elect to file an amended Complaint, she must limit her allegations to the specific barriers to access that she actually encountered during her visit to the Properties.

### IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

a. Defendants' Motion to Dismiss (Doc. 12) is **GRANTED**.

b. The portion of Plaintiff's Complaint that asserts ADA violations based on barriers Kennedy experienced at the Properties is **DISMISSED WITH LEAVE TO AMEND**.

c. The portion of Plaintiff's Complaint that asserts ADA violations based on barriers at the Properties unknown to Kennedy is **DISMISSED**.

d. Plaintiff may file an amended complaint consistent with this Order within fourteen days.

**DONE AND ORDERED** in Orlando, Florida, on July 13, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record